**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

| | |
|---|---|
| **Margaret Sneed**, ) | |
| 4027 Bannockburn Ct. ) | |
| Fairfax, VA 22030 ) | |
|  ) | |
| Plaintiff, ) | Civil Action No. _____ |
|  ) | |
| **v.** ) | |
|  ) | |
| **SONNY PERDUE, SECRETARY,** ) | |
| **DEPARTMENT OF AGRICULTURE**, ) | **Jury Requested** |
| 1400 Independence Ave. S.W. ) | |
| Washington, DC 20520, ) | |
|  ) | |
| Defendant. ) | |
|  ) | |

**COMPLAINT**

**COMES NOW** Plaintiff, Margaret Sneed (hereinafter "Plaintiff" or "Ms. Sneed"), by and through her undersigned counsel, and sues the Department of Agriculture (hereinafter "USDA," "the Agency," or "Defendant"), and for cause of action states, as follows:

**NATURE OF THE CASE**

1.      Plaintiff Margaret Sneed (hereinafter "Plaintiff" or "Ms. Sneed") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination and Employment Act of 1967 (hereinafter "ADEA"), for relief from Defendant's discriminatory conduct towards Plaintiff on the basis of her gender, color, and age.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically Title VII and the ADEA.

3.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, a federal agency located within the District of Columbia.  *Id*.

## EXHAUSTION OF REMEDIES

4.      Plaintiff has exhausted all of her administrative remedies.

5.      On June 30, 2015, Plaintiff timely contacted the Equal Employment Opportunity (hereinafter "EEO") office within USDA to speak to a counselor about filing a complaint against her supervisors, Budget Director (hereinafter "RMO 1") and Chief Financial Officer (hereinafter "RMO 2"), alleging discrimination based on her color (black), sex (female), and age (D.O.B. May 5, 1961.).

6.      On August 12, 2015, Appellant filed a formal EEO complaint with the Agency on the bases of color (black), sex (female), and age (55 years).

7.      On October 16, 2015, the Agency issued Appellant an acceptance letter to her formal EEO complaint, which noticed the Agency's acceptance of Appellant's claim(s) for investigation, as follows:

> Whether the Complainant was subjected to discrimination based on color (black), sex (female), and age (55 years), when:
>
> a. On June 11, 2015, management denied her a desk audit and promotion to the GS-14 level;
>
> b. Since February 2011, management has failed to provide her with an official Position Description that accurately reflects her position; and

c. Since February 2011, she has been assigned and performed GS-14 level duties, but management has neither compensated her at or promoted her to such level.

8.      On March 18, 2016, the Agency issued its Final Agency Decision ("FAD") finding that the Agency did not subject Appellant to disparate treatment.

9.      On March 18, 2016, after an investigation of a discrimination complaint filed by Sneed, the Agency issued its Final Agency Decision ("FAD" or "DOS Decision") finding in favor of itself.  The Agency claimed that Sneed did not establish a prima facie case of discrimination based on her sex, age, or color.

10.      On April 20, 2016, Sneed filed an appeal with the EEOC OFO, arguing that, among other things, the Agency failed to develop an appropriate and impartial factual record prior to issuing a FAD.  Specifically, the Agency relied upon its inadequate Report of Investigation to dismiss Sneed's claim of disparate treatment

11.      On June 6, 2018, the EEOC OFO vacated the Agency's final decision and remanded the complaint to the Agency for further processing and issuance of a FAD, due to the Agency's failure to develop an appropriate and impartial factual record.  In its Order, ("Order K0617," or "First OFO Order"), the Commission directed the Agency to take a number of steps to rectify the problem and develop an appropriate record.

12.      On June 12, 2018, the OFO notified the Agency of its duty to submit the compliance report in writing, requiring that it "enumerate each of the actions taken as ordered and include appropriate supporting documentation, e.g. copies of personnel action forms, copies of posted notices, copies of documents effecting any payments, etc."

13.      On July 3, 2018, Sneed received a letter from the Agency notifying her that an investigator had been authorized to conduct the supplemental investigation.

14.     On August 6, 2018, Sneed received a letter from the Agency notifying her that the investigation was completed and transmitting the second investigation's ROI.

15.     On August 31, 2018 based on the Agency's ROI Transmittal letter and in order to preserve Sneed's rights, Sneed's Counsel filed a request for hearing.

16.     On September 20, 2018, Sneed's Counsel received *another* ROI and Transmittal letter, containing largely the same information as was contained in the August 6, 2018 version. The main (and crucial) difference was that the Sept. 20th letter stated that the Agency would issue a new final decision on the merits of the complaint, rather than providing the option to request a hearing.

17.     On October 23, 2018, the OFO notified Sneed that compliance monitoring activity had ceased because the Agency notified the OFO that it had provided a copy of the ROI and election rights, and that Sneed had elected a hearing before an EEOC administrative judge.

18.     On March 7, 2019, the OFO sent a letter to the Agency's Director of the Office of Adjudication notifying the Agency that the OFO had no record indicating that the Agency had fully implemented the Commission's decision on Sneed's discrimination appeal.  Specifically, the OFO stated that the Agency was required to submit a compliance report containing documentation supporting issuance of a final decision, and had not yet done so.

19.     On March 27, 2019, Plaintiff received the Agency's second FAD in this case, along with a "Notice of Right to Sue" from the USDA which provided her the right to institute a civil action in federal District Court under Title VII within ninety (90) days.

20.     On June 25, 2019, Plaintiff timely filed her action within ninety (90) days after receipt of the USDA's "Notice of Right to Sue."

## PARTIES

21.     Plaintiff is currently domiciled at 4027 Bannockburn Ct., Fairfax, VA 22030. Plaintiff is a resident of the Commonwealth of Virginia and a United States citizen.

22.     Defendant, USDA, is a U.S. federal executive department responsible for developing and executing federal laws related to farming, forestry, and food, and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore liable, pursuant to the doctrine of *Respondeat Superior*.

## FACTUAL BACKGROUND

23.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

24.     At all times relevant to the claims made herein, Plaintiff was a Budget Analyst (hereinafter "BA") GS-0560-13 with the Agency's Natural Resources Conservation Service ("NRCS") Strategic Budget Division of USDA.

25.     In February 2011, Plaintiff was assigned additional duties when an employee named Kim Daniels (GS-14) left the branch for a detail in another area.

26.     Soon after, another employee named Dan Kuske left the agency, and Plaintiff was assigned his additional duties as well.

27.     On February 1, 2013, Plaintiff informed RMO 2 that she wanted to request a desk audit, and needed an up-to-date position description ("PD"). RMO 2 told Plaintiff that she would be getting a new supervisor soon, and that he would discuss it with that individual when he came on board.

28.     In mid-February 2013, RMO 1 began work as Plaintiff's first level supervisor. At that time, Plaintiff was not given a new PD and her desk audit was not approved.

29.     Plaintiff was then informed that management was looking into reorganization and that her request would be looked at after that was completed.

30.     Plaintiff approached RMO 1 again in 2014 to request a new PD and a desk audit, to no avail.

31.     Over the next two years (until October 18, 2015), Plaintiff was reorganized into at least two different teams, but did not receive an updated PD nor a desk audit.

32.     Plaintiff approached RMO 1 again in 2015 to request a new PD and a desk audit, to no avail.

33.     The most recent PD of record does not accurately reflect the duties that she performed, and falls under an entirely different division in NRCS.

34.     To Plaintiff's knowledge, there have been males since 2008 that have been hired and promoted in the Budget Division, but she has not been promoted despite the fact that she is, and has been since at least 2011, performing work at a GS level above her pay grade.

35.     To Plaintiff's knowledge, there have been young males hired and promoted in the Budget Division over the past decade.

36.     To Plaintiff's knowledge, white males with less skills and less experience were promoted for doing less work than Plaintiff.

37.     The second FAD issued in March 2019 found that Plaintiff established a prima facie case of sex, color, and age discrimination.

38.     Defendant could have, but failed to complete a desk audit for Plaintiff and this prevented Plaintiff from receiving a promotion like her white male co-workers.

39.     Defendant was aware that the only way to ascertain whether Plaintiff's assigned tasks matched her PD was to conduct a desk audit.

## COUNT ONE
### Gender Discrimination
42 U.S.C. § 2000e-2(a)(1)
(*Female*)

40.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

41.     Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

42.     Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

43.     At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

44.     Plaintiff is a member of a protected class, as she is a female.

45.     Defendant discriminated against Plaintiff because of her gender in violation of Title VII, 42 U.S.C. § 2000e-(2)(a), by engaging in, tolerating or failing to prevent the gender-based discrimination alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

46.     During her employment, Plaintiff was consistently marginalized by Defendant, by and through the actions of RMO 1 and RMO 2 where Plaintiff was given additional duties above her pay grade but not given a desk audit or updated PD as discussed above, as well as treated unfavorably as compared with male counterparts.

47.     This conduct and other incidents of harassment described above were because of Plaintiff's gender.

48.     The harassment directed at Plaintiff was either intended to cause her severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it

would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of Defendant.

49.     Due to Defendant's actions, Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering and such impact is on-going and permanent in nature.

50.     Plaintiff has incurred lost wages and loss of career opportunity, now and into the future, without Plaintiff contributing any in any way thereto.

**COUNT TWO**
**Age Discrimination in Employment Act of 1967,**
**29 U.S.C. § 621 *et seq.***
**(Employment Discrimination on the Basis of Age)**
*(over forty (40) years of age)*

51.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

52.     Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

53.     Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

54.     At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the District of Columbia within the meaning of 42 U.S.C. § 1983.

55.     Plaintiff is a member of a protected class, as she is over forty (40) years of age.

56.     Defendant discriminated against Plaintiff because of her age in violation of the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 623, *et seq.*, by engaging in, tolerating or failing to prevent the age-based harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

57.     During her employment, Plaintiff was consistently marginalized by Defendant, by and through the actions of RMO 1 and RMO 2 where Plaintiff was given additional duties above her pay grade but not given a desk audit or updated PD as discussed above, as well as treated unfavorably as compared with younger counterparts under age forty (40).

58.     This conduct and other incidents of harassment described above were because of Plaintiff's age.

59.     The harassment directed at Plaintiff was either intended to cause her severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of Defendant.

60.     Due to Defendant's actions, Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering and such impact is on-going and permanent in nature.

61.     Plaintiff has incurred lost wages and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

**COUNT THREE**
**Race Discrimination**
42 U.S.C. § 2000e, *et seq.*
(*African American*)

62.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

63.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

64.     As an African American, Plaintiff is a member of a protected class.

65.     Because of her race, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint under Title VII.

66.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

67.     Defendant knew that Plaintiff is African American prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her race.

68.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her race (African American).

69.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her race (African American).

70.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

71.     Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

72.     Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

73.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

74.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her race (African American).

75.     Defendant discriminated against Plaintiff because of her race by engaging in, tolerating or failing to prevent racial discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

76.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

77.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

78.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

79.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Order the Defendant to reassign Plaintiff to a new position with new first-line supervision;

b.  Order the Defendant to reassign Plaintiff to a new position with in a GS-14 pay grade;

c.  Order the Defendant institute a policy and procedure to be implemented against discrimination;

d.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

e.  Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

f.  Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

g.  Award lost wages;

h.  Award back pay and benefits, with interest;

i.  Award future wages;

j.  Award reasonable attorney fees, costs, and expenses incurred for this action;

k.  Award equitable, declaratory, and injunctive relief; and

l.  Award such other and further relief as this Honorable Court deems just and proper.

**Equitable Relief**

80.    Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

81.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, clear

and present dangers to the employees of Defendant and could result in further illegal actions on

the party of Defendant, by and through its agents, servants, and employees.

## **JURY DEMAND**

82. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

June 25, 2019                                                   Respectfully submitted,


By:      /s/ *Donna Williams Rucker*___＿＿＿＿＿＿＿
         Donna Williams Rucker (D.C. Bar 446713)

         Tully Rinckey, PLLC
         815 Connecticut Ave., N.W.,
         Suite 720
         Washington, DC 20006
         (202) 787-1900
         DRucker@fedattorney.com

         *Counsel for Plaintiff Margaret Sneed*